No. 10-30709

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

RHONDA DANOS

Plaintiff-Appellant,

v.

EDITH JONES, United States Court of Appeals for the Fifth
Circuit, individually and in her official capacity as a presiding
officer of the Judicial Council of the Fifth Circuit;

Defendant-Appellee, and

*(caption continued on inside cover)*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

———————————————

BRIEF FOR APPELLEES

———————————————

TONY WEST
  Assistant Attorney General

JIM LETTEN
  United States Attorney

MARK B. STERN
MELISSA N. PATTERSON
  (202) 514-1201
  Attorneys, Appellate Staff
  Civil Division, Room 7230
  Department of Justice
  950 Pennsylvania Avenue, N.W.
  Washington, D.C. 20530-0001

*(caption, continued)*

JUDICIAL COUNCIL OF THE FIFTH CIRCUIT, an entity created by Congress
pursuant to 28 United States Code 332 composed entirely of
Article III Judges; CAROLYN DINEEN KING, Judge, United States
Court of Appeals for the Fifth Circuit, in her official capacity
as a member of the Judicial Council of the Fifth Circuit and
Individually; JERRY E. SMITH, Judge, United States Court of
Appeals for the Fifth Circuit, in his official capacity as a
member of the Judicial Council of the Fifth Circuit and
Individually; W. EUGENE DAVIS, Judge, United States Court of
Appeals for the Fifth Circuit, Council of the Fifth Circuit, in
his official capacity as a member of the Judicial Council of the
Fifth Circuit and Individually; RHESA H. BARKSDALE, Judge, United
States Court of Appeals for the Fifth Circuit, in his official
capacity as a member of the Judicial Council of the Fifth Circuit
and Individually; EDITH BROWN CLEMENT, also known as Joy Clement,
Judge, United States Court of Appeals for the Fifth Circuit, in
her official capacity as a member of the Judicial Council of the
Fifth Circuit and Individually; PRISCILLA R. OWEN, Judge, United
States Court of Appeals for the Fifth Circuit, in her official
capacity as a member of the Judicial Council of the Fifth Circuit
and Individually; JENNIFER WALKER ELROD, Judge, United States
Court of Appeals for the Fifth Circuit, in her official capacity
as a member of the Judicial Council of the Fifth Circuit and
Individually; LESLIE H. SOUTHWICK, Judge, United States Court of
Appeals for the Fifth Circuit, in his official capacity as a
member of the Judicial Council of the Fifth Circuit and
Individually; SARAH S. VANCE, United States District Judge for
the Eastern District of Louisiana, in her official capacity as a
member of the Judicial Council of the Fifth Circuit and
Individually; NEAL B. BIGGERS, JR., United States District Judge
for the Northern District of Mississippi, in his official
capacity as a member of the Judicial Council of the Fifth Circuit
and Individually; LOUIS G. GUIROLA, JR., United States District

*(caption continued on next cover page)*

*(caption, continued)*

Judge for the Southern District of Mississippi, in his official capacity as a member of the Judicial Council of the Fifth Circuit and Individually; SAM R. CUMMINGS, United States District Judge for the Northern District of Texas, in his official capacity as a member of the Judicial Council of the Fifth Circuit and Individually; HAYDEN HEAD, United States District Judge for the Southern District of Texas, in his official capacity as a member of the Judicial Council of the Fifth Circuit and Individually; FRED BIERY, United States District Judge for the Western District of Texas, in his official capacity as a member of the Judicial Council of the Fifth Circuit and Individually,

Defendants-Appellees.

## CERTIFICATE OF INTERESTED PERSONS

No. 10-30709
*Danos v. Jones, et al.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.[*] These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Rhonda Danos
*Plaintiff-Appellant*

Rémy Voisin Starns
*Counsel for Plaintiff-Appellant*

Samuel S. Dalton
*Counsel for Plaintiff-Appellant*

Edith Jones, United States Court of Appeals
for the Fifth Circuit, in her individual capacity,
*Defendant-Appellee*

Carolyn Dineen King, Judge, United States Court of Appeals
for the Fifth Circuit, in her individual capacity,
*Defendant-Appellee*

Jerry E. Smith, United States Court of Appeals
for the Fifth Circuit, in his individual capacity,
*Defendant-Appellee*

W. Eugene Davis, Judge, United States Court of Appeals
for the Fifth Circuit, in his individual capacity,
*Defendant-Appellee*

Rhesa H. Barksdale, Judge, United States Court of Appeals
for the Fifth Circuit, in his individual capacity,
*Defendant-Appellee*

i

Edith Brown Clement, also known as Joy Clement,
United States Court of Appeals for the Fifth Circuit, in her individual
capacity,
*Defendant-Appellee*

Priscilla R. Owen, Judge, United States Court of Appeals
for the Fifth Circuit, in her individual capacity,
*Defendant-Appellee*

Jennifer Walker Elrod, United States Court of Appeals
for the Fifth Circuit, in her individual capacity,
*Defendant-Appellee*

Leslie H. Southwick, United States Court of Appeals
for the Fifth Circuit, in his individual capacity,
*Defendant-Appellee*

Sarah S. Vance, United States District Judge for
the Eastern District of Louisiana, in her individual capacity,
*Defendant-Appellee*

Neal B. Biggers, Jr., United States District Judge
for the Northern District of Mississippi, in his individual capacity,
*Defendant-Appellee*

Louis G. Guirola, Jr., United States District
Judge for the Southern District of Mississippi, in his individual capacity,
*Defendant-Appellee*

Sam R. Cummings, United States District Judge
for the Northern District of Texas, in his individual capacity,
*Defendant-Appellee*

Hayden Head, United States District Judge for the
Southern District of Texas, in his individual capacity,
*Defendant-Appellee*

Fred Biery, United States District Judge for the Western District
of Texas, in his individual capacity,
*Defendant-Appellee*

*s/Melissa N. Patterson*
MELISSA N. PATTERSON
Attorney, Appellate Staff
Civil Division, Room 7230
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
*Attorney for Defendants-Appellees*

---

[*] Governmental parties and their attorneys may be omitted from this Certificate, per Circuit Rule 28.2.1. Government parties whom appellants have named in their individual capacity are included in this certificate.

## STATEMENT REGARDING ORAL ARGUMENT

The government believes that oral argument would be appropriate in this case and stands ready to present argument if it would assist the Court in its deliberations.

# TABLE OF CONTENTS

**Page**

JURISDICTIONAL STATEMENT. ........................................................ 1

STATEMENT OF THE ISSUE ............................................................. 2

STATEMENT OF THE CASE ............................................................. 2

STATEMENT OF FACTS. ................................................................. 3

    I. Statutory Background. ............................................................ 3

    II. Factual Background. ............................................................ 5

    III. Prior Proceedings. .............................................................. 9

SUMMARY OF ARGUMENT. ............................................................ 10

ARGUMENT. .............................................................................. 13

    The Judicial Council Has Ample Authority to Suspend a
    Judge's Authority to Hire Staff, and a Judge's Secretary May
    Not Challenge That Action by Invoking an Ultra Vires
    Exception to Principles of Sovereign Immunity

    A.    A Judicial Council May Suspend a Judge's Authority
        To Hire Staff. ............................................................... 13

    B.    Plaintiff's Assertion that the Suspension Should Be
        Viewed as a Response to Judicial Misconduct Casts
        No Doubt on the Council's Authority. ............................... 17

    C.    The Council's Action Was Not Barred By
        28 U.S.C. § 752. ......................................................... 20

D.    The Judicial Council Did Not Violate the Constitution
By Effecting a "Partial Removal from Office.". ................................ 23


CONCLUSION. .................................................................................................. 27

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                    **Page**

Alabama Rural Fire Ins. Co. v. Naylor,
  530 F.2d 1221 (5th Cir. 1976). ........................................................... 16

American Immigration Lawyers Ass'n v. Reno,
  199 F.3d 1352 (D.C. Cir. 2000). ......................................................... 21

Batiansila v. Advanced Cardiovascular Systems, Inc.,
  952 F.2d 893 (5th Cir. 1992). ............................................................ 23

Chandler v. Judicial Council of Tenth Circuit of United States,
  398  U.S. 74 (1970)................................................................. 24, 25, 26

F.D.I.C. v. Meyer,
  510 U.S. 471 (1994)............................................................................ 13

In re Focus Media, Inc.,
  378 F.3d 916 (9th Cir. 2004). ............................................................ 17

Geyen v. Marsh,
  775 F.2d 1303 (5th Cir. 1985). .......................................................... 14

In re Imperial "400" Nat., Inc.,
  481 F.2d 41 (3d Cir. 1973). ............................................................... 14

Larson v. Domestic & Foreign Commerce Corp.,
  337 U.S. 682 (1949)................................................... 10, 11, 13, 14, 16

In re McBryde,
  117 F.3d 208 (5th Cir. 1997). ................................................. 17, 20, 26

McBryde v. Committee to Review Circuit Council Conduct and
  Disability Orders of Judicial Conference of the United States,
  264 F.3d 52 (D.C. Cir. 2001)............................................................. 24

Pennhurst State Sch. & Hosp v. Halderman,
    465 U.S. 89 (1984)............................................................... 16

Powers v. Ohio,
    499 U.S. 400 (1991)............................................................. 20

R2 Investments LDC v. Phillips,
    401 F.3d 638 (5th Cir. 2005). ............................................. 6

Richardson-Merrell, Inc. v. Koller,
    472 U.S. 424 (1985)............................................................. 17

Samantar v. Yousuf,
    130 S. Ct. 2278 (2010). ....................................................... 19

United States v. Canada,
    110 F.3d 260 (5th Cir. 1997). ............................................. 19

Ward v. Santa Fe Indep. Sch. Dist.,
    393 F.3d 599 (5th Cir. 2004). ............................................. 20

Warth v. Seldin,
    422 U.S. 490 (1975)............................................................. 21

**Statutes:**

5 U.S.C. § 702 ....................................................................... 10

28 U.S.C. § 332........................................................................ 11

28 U.S.C. § 332(d)(1). ................................................. 2, 4, 9, 11, 14, 15

28 U.S.C. § 351........................................................................ 5

28 U.S.C. § 351(a). ................................................................. 4

28 U.S.C. §§ 351-64. ............................................................. 4

28 U.S.C. § 353 ............................................................................... 7

28 U.S.C. § 354 ................................................................ 9, 10, 11, 15

28 U.S.C. § 354(a)(1)(C) ............................................................ 4, 15

28 U.S.C. § 354(a)(2)(A) ............................................................ 5, 19

28 U.S.C. § 354(a)(2)(A)(i) ............................................................ 15

28 U.S.C. § 354(b) ............................................................................ 5

28 U.S.C. § 354(b)(2) ....................................................................... 7

28 U.S.C. § 355 ................................................................................. 5

28 U.S.C. § 357(a) .......................................................................... 21

28 U.S.C. § 357(c) .......................................................................... 21

28 U.S.C. § 360 .......................................................................... 6, 17

28 U.S.C. § 372(c) ............................................................................ 4

28 U.S.C. § 752 .................................................................. 12, 20, 22

28 U.S.C. § 1291 ............................................................................... 2

28 U.S.C. §§ 2201-2202 ................................................................... 1

Pub. L. No. 76-299, 53 Stat. 1223 (1939) ....................................... 3

Pub. L. No. 80- 773, 62 Stat. 902 (June 25, 1948) ......................... 3

Pub. L. No. 96-458, 94 Stat. 2035 (1980) ....................................... 4

Pub. L. No. 101-650, 104 Stat. 5098 (1990) .................................... 4

Pub. L. No. 107-273, 116 Stat. 1758 (2002)............................................................ 4

**Rules:**

Fed. R. App. P. 4(a)(1)(B). ...................................................................... 2

**Legislative Materials:**

H.R. Rep. No. 111-427 (2010).................................................................. 5

H.R. Res. 111-1031 (2010). ..................................................................... 8

**Other Authorities:**

2A N. Singer & J. Singer, Sutherland Statutory Construction
§ 47.7 (7th ed. 2007)............................................................................ 19

Report by the Special Investigatory Committee to the Judicial
Council of the United States Court of Appeals for the Fifth Circuit,
Docket No. 07-05-351-0085 (November 20, 2007). ...................................... 6, 7

Memorandum Order and Certification of the Judicial Council of
the Fifth Circuit, In re Porteous (5th Cir. Dec. 20, 2007)................................. 7

Certificate to Speaker, United States House of Representatives and
Report and Recommendations of the Judicial Conference Committee
on Judicial Conduct and Disability (June 17, 2008). ...................................... 7, 8

Proceedings of the Attorney General's Conf. on Court Congestion
and Delay in Litigation 58 (1958)............................................................. 14

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

RHONDA DANOS

Plaintiff-Appellant,

v.

EDITH JONES, United States Court of Appeals for the Fifth
Circuit, individually and in her official capacity as a presiding
officer of the Judicial Council of the Fifth Circuit; JUDICIAL
COUNCIL OF THE FIFTH CIRCUIT, an entity created by Congress
pursuant to 28 United States Code 332 composed entirely of
Article III Judges; CAROLYN DINEEN KING, Judge, United States
Court of Appeals for the Fifth Circuit, in her official capacity
as a member of the Judicial Council of the Fifth Circuit and
Individually; JERRY E. SMITH, Judge, United States Court of
Appeals for the Fifth Circuit, in his official capacity as a
member of the Judicial Council of the Fifth Circuit and
Individually; W. EUGENE DAVIS, Judge, United States Court of
Appeals for the Fifth Circuit, Council of the Fifth Circuit, in
his official capacity as a member of the Judicial Council of the
Fifth Circuit and Individually; RHESA H. BARKSDALE, Judge, United
States Court of Appeals for the Fifth Circuit, in his official
capacity as a member of the Judicial Council of the Fifth Circuit
and Individually; EDITH BROWN CLEMENT, also known as Joy Clement,
Judge, United States Court of Appeals for the Fifth Circuit, in
her official capacity as a member of the Judicial Council of the
Fifth Circuit and Individually; PRISCILLA R. OWEN, Judge, United
States Court of Appeals for the Fifth Circuit, in her official
capacity as a member of the Judicial Council of the Fifth Circuit
and Individually; JENNIFER WALKER ELROD, Judge, United States
Court of Appeals for the Fifth Circuit, in her official capacity
as a member of the Judicial Council of the Fifth Circuit and
Individually; LESLIE H. SOUTHWICK, Judge, United States Court of
Appeals for the Fifth Circuit, in his official capacity as a
member of the Judicial Council of the Fifth Circuit and

Individually; SARAH S. VANCE, United States District Judge for
the Eastern District of Louisiana, in her official capacity as a
member of the Judicial Council of the Fifth Circuit and
Individually; NEAL B. BIGGERS, JR., United States District Judge
for the Northern District of Mississippi, in his official
capacity as a member of the Judicial Council of the Fifth Circuit
and Individually; LOUIS G. GUIROLA, JR., United States District
Judge for the Southern District of Mississippi, in his official
capacity as a member of the Judicial Council of the Fifth Circuit
and Individually; SAM R. CUMMINGS, United States District Judge
for the Northern District of Texas, in his official capacity as a
member of the Judicial Council of the Fifth Circuit and
Individually; HAYDEN HEAD, United States District Judge for the
Southern District of Texas, in his official capacity as a member
of the Judicial Council of the Fifth Circuit and Individually;
FRED BIERY, United States District Judge for the Western District
of Texas, in his official capacity as a member of the Judicial
Council of the Fifth Circuit and Individually,

Defendants-Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

_____

BRIEF FOR APPELLEES

_____

## JURISDICTIONAL STATEMENT

Plaintiff brought suit in the United States District Court for the Eastern

District of Louisiana seeking a declaratory judgment, reinstatement, back pay, and

attorneys' fees under 28 U.S.C. §§ 2201-2202.  See Complaint, Docket #1 ¶¶ 76-

1

80.[1]  The district court dismissed the case for lack of subject matter jurisdiction on

July 8, 2010.  <u>See</u> Record Excerpts ("RE") Tab A.  Plaintiff filed a timely notice of

appeal on July 27, 2010.  <u>See</u> RE Tab A; Fed. R. App. P. 4(a)(1)(B).  This Court

has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the district court correctly concluded that sovereign immunity bars

plaintiff's claims against the Fifth Circuit Judicial Council and its members.

## STATEMENT OF THE CASE

On September 10, 2008, the Judicial Council of the Fifth Circuit issued an

order publicly reprimanding United States District Court Judge G. Thomas

Porteous, Jr. and suspending his ability to hear new cases for two years or until

Congress resolved impeachment and removal proceedings against him.  Pursuant

to its authority under 28 U.S.C. § 332(d)(1), the Council also suspended Judge

Porteous's authority to employ staff for the period during which he would not be

assigned new cases.  Plaintiff Rhonda Danos, former secretary to Judge Porteous,

was subsequently terminated from her employment.

---

[1]  Appellant did not order or transmit a consecutively paginated record on appeal, as required by Federal Rule of Appellate Procedure and Fifth Circuit Rule 10.  Per instructions from the clerk's office, this brief therefore cites directly to the district court docket for documents not included in the record excerpts.

Plaintiff filed suit in district court seeking a declaratory judgment that the Judicial Council's order suspending Judge Porteous's authority to employ staff was an <u>ultra</u> <u>vires</u> act outside the scope of the Council's power. She also sought reinstatement, back pay, and attorneys' fees.

The district court granted the government's motion to dismiss for lack of jurisdiction. The court concluded that plaintiff's challenge was confined to official capacity claims and held that plaintiff had failed to identify a valid waiver of or exception to the United States' sovereign immunity. The court also rejected plaintiff's attempt to assert Judge Porteous's rights under the Constitution and certain statutes, concluding she lacked standing to do so.

## STATEMENT OF FACTS

### I.  Statutory Background

In 1939, Congress created judicial councils of the United States circuit courts so that "that the work of the district courts shall be effectively and expeditiously transacted." Pub. L. No. 76-299, § 306, 53 Stat. 1223 (1939). Since 1948, judicial councils have had the statutory authority to make necessary orders for the efficient administration of courts within their circuit. <u>See</u> Pub. L. No. 80-773, 62 Stat. 902 c. 646 (June 25, 1948). The current codification of this power provides that councils "shall make all necessary and appropriate orders for the

effective and expeditious administration of justice within [their] circuit[s]."  28

U.S.C. § 332 (d)(1).

In 1980, Congress vested authority in the judicial councils to identify and

correct instances of judicial misconduct and disability.  <u>See</u> Judicial Councils

Reform and Judicial Conduct and Disability Act of 1980 ("the 1980 Act"), Pub. L.

No. 96-458, 94 Stat. 2035 (1980) (codified, as amended, at various sections of

Title 28).  The relevant provisions of the 1980 Act provisions are codified in

Chapter 16 of Title 28 of the U.S. Code.[2]

Under this authority, a judicial council may investigate allegations that a

federal judge has engaged in conduct that is "prejudicial to the effective and

expeditious administration of the business of the courts."  28 U.S.C. § 351(a).

Where the council determines that misconduct has occurred, it may "take such

action as is appropriate to assure the effective and expeditious administration of

the business of the courts within the circuit."  28 U.S.C. § 354(a)(1)(C).  Such

actions "may include" censuring the judge and discontinuing new case

---

[2]  Prior to 2002, most of the provisions of Chapter 16 were found at 28 U.S.C. §
372(c).  In 2002, Congress enacted the Judicial Improvements Act of 2002, which
amended and recodified these provisions at 28 U.S.C. §§ 351-64.  <u>See</u> Pub. L. No.
107-273, §§ 11041-43, 116 Stat. 1758, 1848 (2002).  Prior amendments were
made in 1990 via the Judicial Improvements Act of 1990, Pub. L. No. 101-650,
104 Stat. 5098 (1990).

assignments "on a temporary basis for a time certain." 28 U.S.C. § 354(a)(2)(A).

In a case where the council determines that "a judge appointed to hold office

during good behavior may have engaged in conduct … which might constitute one

or more grounds for impeachment," the council is required to certify such a

determination to the Judicial Conference of the United States. Id. § 354(b). In

turn, the Judicial Conference is empowered to take various actions, including

concurring in the determination of a judicial council or making its own

determination that impeachment may be warranted, and thereafter certifying and

transmitting such a determination to the House of Representatives. 28 U.S.C.

§ 355.

## II.  Factual Background

In 1999, the Department of Justice and the Federal Bureau of Investigation

initiated a criminal investigation against Judge G. Thomas Porteous, Jr., District

Judge for the Eastern District of Louisiana. H.R. Rep. No. 111-427, at 5 (2010).

The investigation ended without an indictment.

On May 18, 2007, the Department of Justice submitted a formal complaint

of judicial misconduct to Chief Judge Edith H. Jones of the United States Court of

Appeals for the Fifth Circuit, as contemplated by 28 U.S.C. § 351.  Complaint,

Docket #1 ¶ 24; H.R. Rep. No. 111-427, at 6 (2010).  The complaint included

allegations that Judge Porteous had made false statements and engaged in

deceptive practices in a bankruptcy proceeding, and had solicited and received

money and things of value from lawyers with cases pending before him.  See

Report by the Special Investigatory Committee to the Judicial Council of the

United States Court of Appeals for the Fifth Circuit, Docket No. 07-05-351-0085

(November 20, 2007) ("Special Committee Report") at 3-4; DOJ Complaint

(Exhibit A in Vol. I attached to Special Committee Report).[3]

A Special Investigatory Committee appointed by the Fifth Circuit conducted

an investigation, held a hearing regarding the matter, and issued a report to the

Fifth Circuit Judicial Council.[4]  See Special Committee Report; Complaint, Docket

---

[3] Documents relating to the Fifth Circuit misconduct proceedings
concerning Judge Porteous are available on the Fifth Circuit's website.  The Order
and Public Reprimand is available at
http://www.ca5.uscourts.gov/news/news/GTP%20ORDER%20AND%20PUBLIC
%20REPRIMAND.pdf.  Links to other documents, including the Special
Committee Report, are embedded within the Order and Public Reprimand.  See R2
Investments LDC v. Phillips, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (court may
take judicial notice of documents in the public record in determining a motion to
dismiss).

[4] Plaintiff testified at this hearing under a grant of immunity from federal
prosecution.  Special Committee Report at 7-8; Complaint, Docket #1 ¶ 40.
Because it is "related to [an] investigation[] conducted under" Chapter 16 of Title
18 of the United States Code, much of plaintiff's testimony remains confidential
and cannot be disclosed "in any proceeding by any person" subject to certain
exceptions not applicable in this proceeding.  See 28 U.S.C. § 360.

#1 ¶¶ 25, 40; 28 U.S.C. § 353 (establishing authority for the appointment of special investigatory committees). This report concluded that Judge Porteous committed misconduct which "might constitute one or more grounds for impeachment." Special Committee Report at 65; Complaint, Docket #1 ¶ 25.

The Judicial Council accepted and approved the committee report and also concluded that Judge Porteous has "engaged in conduct which might constitute one or more grounds for impeachment under Article I of the Constitution." See Complaint, Docket #1 ¶ 26; Memorandum Order and Certification of the Judicial Council of the Fifth Circuit at 4, In re Porteous (5th Cir. Dec. 20, 2007). Accordingly, pursuant to 28 U.S.C. § 354(b)(2), the Council certified these determinations to the Judicial Conference of the United States. Id.

The Judicial Conference determined unanimously, upon recommendation of its Committee on Judicial Conduct and Disability, to transmit to the Speaker of the House a certificate "that consideration of impeachment of United States District Judge G. Thomas Porteous (E.D. La.) may be warranted." See Complaint, Docket #1 ¶ 27; Certificate to Speaker, United States House of Representatives and Report and Recommendations of the Judicial Conference Committee on Judicial Conduct and Disability ("Judicial Conference Certificate and Report")

(June 17, 2008). Judge Porteous was impeached by the House on March 11, 2010.
H.R. Res. 111-1031 (2010).

In addition to making its certification to Congress, the Judicial Conference,
through its Committee on Judicial Conduct and Disability, invited the Fifth Circuit
Judicial Council to "make a considered judgment on the continuance or
suspension of the underlying misconduct proceeding" before the Council (the
Council's misconduct proceeding had been suspended when the Council made its
certification to the Judicial Conference). Complaint, Docket #1 ¶¶ 27-29; Judicial
Conference Certificate and Report at 39. This request suggested that the Council
"consider the propriety of a public reprimand under Rule 20(b)(1)(D)(i) [of the
Judicial Conference Rules for Judicial-Conduct and Judicial-Disability
Proceedings] and an order that no new cases be assigned to Judge Porteous for two
years or until the Congress takes final action on impeachment and removal
proceedings under Rule 20(b)(1)(D)(ii)" of the Judicial Conference Rules for
Judicial-Conduct and Judicial-Disability Proceedings. Complaint, Docket #1, ¶
29; Judicial Conference Certificate and Report at 39.

In response to the Judicial Conference's invitation, on September 10, 2008,
the Judicial Council issued an Order and Reprimand, in which it censured Judge
Porteous and suspended the assignment of new cases to him for a fixed period

8

pursuant to 28 U.S.C. § 354.  Order and Reprimand, RE Tab B.  Under the

separate authority of 28 U.S.C. § 332(d)(1), the Council also suspended Judge

Porteous's ability to retain staff for the time period he was no longer hearing

cases.  RE Tab B at 4.  On September 19, 2008, Plaintiff, Judge Porteous's

secretary, was terminated from her employment.  Docket #1, Complaint ¶¶ 3, 39.

Judge Porteous was tried by the United States Senate in September 2010.

The Senate has not yet voted on his removal from office.  On September 8, 2010,

the Fifth Circuit Judicial Council extended until December 31, 2010 the portions

of September 10, 2008 order preventing Judge Porteous from being assigned new

cases or employing staff.

### III.  Prior Proceedings

Plaintiff filed this action, alleging that the Judicial Council exceeded its

statutory authority in suspending Judge Porteous's ability to employ staff during

the period when he would be assigned no new cases.  Plaintiff seeks a declaratory

judgment, reinstatement, back pay, and attorneys' fees.  Complaint, Docket #1, ¶¶

76, 79-80.

The district court granted defendant's motion to dismiss for lack of

jurisdiction.  See RE Tab A, D. Ct Op.  The court noted that plaintiff had

identified no waiver of sovereign immunity that would permit her to bring suit.

The court rejected plaintiff's invocation of the <u>ultra</u> <u>vires</u> exception to sovereign

immunity discussed in <u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S.

682 (1949). <u>See</u> RE Tab A, D. Ct Op. at 8-11.

The court noted questions regarding the scope of the <u>Larson</u> exception

following the 1976 amendments to the Administrative Procedure Act, which

provided a waiver of the United States' sovereign immunity from actions for

specific relief under specified conditions. <u>See</u> 5 U.S.C. § 702; RE Tab A, D. Ct

Op. at 5-7. The court concluded it was unnecessary to resolve such questions,

however, because plaintiff could not properly invoke the <u>ultra</u> <u>vires</u> doctrine to

challenge alleged infringements on the statutory and constitutional rights of a third

party. <u>Id.</u> at 9-12 & n.7. Moreover, even assuming that plaintiff had standing to

challenge the Council's disciplinary action with respect to Judge Porteous, she had

failed to state allegations that would demonstrate that defendants acted "without

any authority whatever." <u>Id.</u> at 8-10.

## SUMMARY OF ARGUMENT

The Judicial Council suspended the assignment of new cases to Judge

Porteous for a fixed period pursuant to 28 U.S.C. § 354. That exercise of authority

is not challenged. Judge Porteous had no other cases pending on his docket at the

time of this order.

Citing its authority under 28 U.S.C. § 332(d)(1), the Council also suspended

Judge Porteous's ability to retain staff during the period of his suspension.  RE

Tab B at 4.  Judge Porteous did not seek review of this decision by the Judicial

Conference.

In this action, however, the judge's secretary seeks judicial review of this

aspect of the Council's order.   Plaintiff identifies no waiver of sovereign

immunity that would permit such an action.  The limited exception to sovereign

immunity discussed in Larson v. Domestic & Foreign Commerce Corp., 337 U.S.

682 (1949), provides no basis for suit here.  The Judicial Council has broad

authority under 28 U.S.C. § 332 to "make all necessary and appropriate orders for

the effective and expeditious administration of justice."  Plaintiff offers no basis

for concluding this authority does not extend to orders restricting employment of

secretaries and other judicial staff.

Plaintiff argues that the order should be conceived, instead, as a response to

judicial misconduct, and asserts that such an action is foreclosed by 28 U.S.C. §

354.  If regarded in this manner, the order would be fully supported.  As plaintiff

notes, § 354 identifies three types of actions that a Council may take in exercising

its authority under that section.  Plaintiff is mistaken, however, in contending that

these actions form an exclusive list – an assertion refuted by the plain language of the statute – or bar the Council's exercise here of its authority under § 332.

Plaintiff is on no firmer ground in arguing that the Council's order contravenes 28 U.S.C. § 752, which provides that judges may "appoint necessary law clerks and secretaries." The district court correctly concluded that a judge's secretary lacks standing to assert any of Judge Porteous's statutory rights that may have been affected by the Council's Order. In any event, § 752 does not provide judges with authority to hire law clerks and secretaries without regard to the strictures of the Judicial Council.

Nor does plaintiff advance her argument with the contention that a temporary suspension of the ability to employ staff is tantamount to an unconstitutional partial removal of a district judge from office. As with her argument under 28 U.S.C. § 752, plaintiff lacks standing to assert any of Judge Porteous's constitutional rights that may have been affected by the Council's Order. Moreover, the judiciary's ability to impose lesser sanctions than impeachment and removal on its own members is well-established.

The district court therefore correctly concluded that plaintiff cannot overcome the jurisdictional threshold of sovereign immunity.

**ARGUMENT**

**The Judicial Council Has Ample Authority to Suspend a Judge's Authority to Hire Staff, and a Judge's Secretary May Not Challenge That Action by Invoking an Ultra Vires Exception to Principles of Sovereign Immunity.**

**A.  A Judicial Council May Suspend a Judge's Authority To Hire Staff.**

Plaintiff has sued the Fifth Circuit Judicial Council and its members in their official capacities.[5]  It is well-established that courts lack subject matter jurisdiction over an official capacity suit of this kind in the absence of a waiver of sovereign immunity.  See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . . Sovereign immunity is jurisdictional in nature.").  Plaintiff has identified no waiver of that immunity, and relies solely on the argument that defendants' conduct was ultra vires and thus falls within an exception to sovereign immunity.  See Pl. Br. 38-39.

In Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949), the Court held that a plaintiff may be able to obtain specific relief against an

---

[5]  The court noted that plaintiff "clarified at oral argument that she does not intend to pursue claims against the individual Defendants," and "only named the individuals in an attempt to assert an ultra vires theory."  RE Tab A, D. Ct Op. at 16.  The court thus "interpret[ed] the Complaint as only stating claims against the Judicial Council and the individual Defendants in their official capacities."  Id. Plaintiff does not dispute this characterization of her claims.

13

officer in his official capacity when the officer acts "beyond [statutory] limitations" or is "acting unconstitutionally or pursuant to an unconstitutional grant of power." <u>Larson</u>, 337 U.S. at 689, 691.[6]  This exception to sovereign immunity has no application here.

The Judicial Council is vested with broad administrative authority under 28 U.S.C. § 332(d)(1) to "make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit." <u>See</u> <u>In re Imperial</u> <u>"400" Nat., Inc.</u>, 481 F.2d 41, 45 (3d Cir. 1973) ("As to [§332] innumerable authorities with diverse qualifications have asserted that the phrase 'effective and expeditious administration of the business of the courts' is to be broadly construed."); Proceedings of the Attorney General's Conf. on Court Congestion and Delay in Litigation 58 at 59-60 (1958) (referring to this breadth as "all-embracing and [as] confer[ring] almost unlimited power.  Any problem — whatever it may be — relating to the expeditious and effective administration of justice is within the power of the Circuit Judicial Council.").

---

[6] This Court has noted that the scope of <u>Larson</u>'s non-statutory exception to sovereign immunity is unclear in light of the 1976 amendments to the Administrative Procedures Act.  <u>See</u> <u>Geyen v. Marsh</u>, 775 F.2d 1303, 1307 (5th Cir. 1985).  Plaintiff cannot establish that this exception applies here, and this Court therefore need not resolve this issue.

In addition to the general authority provided by § 332(d)(1), the Judicial

Council also has authority under 28 U.S.C. § 354 to "take such action as is

appropriate to assure the effective and expeditious administration of the business

of the courts within the circuit" in response to a complaint of judicial misconduct.

28 U.S.C. § 354(a)(1)(C).  The statute specifies that such actions may include

"ordering that, on a temporary basis for a time certain, no further cases be assigned

to the judge whose conduct is the subject of a complaint."  Id. § 354(a)(2)(A)(i).

The Judicial Council acted within its statutory authority under § 354 in

suspending Judge Porteous's ability to hear new cases for two years, and plaintiff

does not assert otherwise.  See RE Tab B at 4 (Judicial Council order explicitly

invoking 28 U.S.C. § 354(a)(2)(A)(i) as the authority for the suspension of new

case assignments).

The Council also acted within its powers under § 332(d)(1) when it

suspended Judge Porteous's authority to employ staff for the same period.  See RE

Tab B at 4 (Judicial Council order explicitly invoking 28 U.S.C. § 332(d)(1) as the

authority for the staff suspension).  Judge Porteous had no cases pending before

him at the time of the Council's order, and, as a result of the order, will not be

assigned new cases for two years.  A judicial council's authority to provide for the

efficient administration of justice plainly encompasses an order that restricts employment of Judge Porteous's staff during that period.

Moreover, "a claim of error in the exercise of . . . power is . . . not sufficient" to make out a case under the limited Larson exception.  Larson, 337 U.S. at 689-90.  As the district court explained, the relevant inquiry under Larson is not whether the government actor committed an "error of law" in the exercise of his official powers, but rather whether he acted "without any authority whatever." Pennhurst State Sch. & Hosp v. Halderman, 465 U.S. 89, 101 n.11, 113 (1984); see RE Tab A, D. Ct Op. at 8; see also Alabama Rural Fire Ins. Co. v. Naylor, 530 F.2d 1221, 1226 (5th Cir. 1976) ("In order to plead successfully that the acts of a government officer exceed his statutory authority a plaintiff must do more than simply allege that the actions of the officer are illegal or unauthorized."). Accordingly, plaintiff cannot challenge the wisdom of the Council's determination in this case.  For plaintiff to prevail, it would be necessary to conclude that the power to provide for the efficient administration of justice cannot under any circumstances encompass a suspension of hiring authority, even when the interest in efficiency is incontrovertible.

16

**B.    Plaintiff's Assertion that the Suspension Should Be
Viewed as a Response to Judicial Misconduct Casts
No Doubt on the Council's Authority.**

Plaintiff argues that the order regarding employment of staff should not be regarded as an effort to achieve obvious efficiencies but, instead, should be treated as a response to Judge Porteous's misconduct. Even accepting this characterization, the order would fall within the broad authority vested in the Council by § 332.[7]

This Court has explained that "it is not unreasonable to view § 332 as empowering a council to remedy judicial misconduct[.]" In re McBryde, 117 F.3d 208, 227 (5th Cir. 1997). Although a judicial council may not "censure" a judge under § 332 without complying with the procedural protections in § 354, § 332 "grants the judicial councils some authority to deal with judicial misconduct." Id. at 228; see also Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 435 & n.2

---

[7] In asserting that the challenged aspect of the Judicial Council's order was actually intended to be disciplinary, Plaintiff quotes from and relies on a document that is "related to [an] investigation[] conducted under" Chapter 16 of Title 18 of the United States Code, and is therefore confidential under 28 U.S.C. § 360. See RE Tab C. Regardless of the accuracy of plaintiff's characterizations of this document, § 360 prohibits the disclosure of such documents "by any person in any proceeding" absent specified conditions not present here. 28 U.S.C. § 360. Appellees therefore do not discuss the contents of that document in this brief, and the Court should decline to address this document. See In re Focus Media, Inc., 378 F.3d 916, 921 n.2 (9th Cir. 2004) (citing § 360(a) and declining to "discuss here the disposition of the complaint filed against the bankruptcy judge.").

(1985) (suggesting that § 332 provides judicial councils with authority "to provide an administrative remedy for misconduct of a judge") (internal quotation marks omitted). Thus, as the district court explained, even accepting plaintiff's allegation that the Judicial Council "contemplated a disciplinary action in ordering suspension of the appointment power," it can be construed "as an action taken to remedy judicial misconduct, which is within the Judicial Council's authority." RE Tab A, D. Ct Op. at 9.

Moreover, if the suspension were viewed as part of the actions taken in response to Judge Porteous's misconduct, the Council's authority under § 354 would not render the suspension improper. Plaintiff notes that this section authorizes three forms of disciplinary action, and infers incorrectly that these constitute an exclusive list of the ways in which a judicial council may respond to judicial misconduct. See Pl. Br. at 21-22, 31. The statute does not circumscribe the Council's authority in this fashion. Section 354(a)(1)(C) provides that upon receipt of a special investigatory committee's report, the judicial council "shall take such action as is appropriate to assure the effective and expeditious administration of the business of the courts within the circuit." Section 354(a)(2)(A) then gives a "[d]escription of possible actions if complaint not dismissed," specifying that "[a]ction by the judicial council under paragraph

18

(1)(C) <u>may include</u> – (i) ordering that, on a temporary basis for a time certain, no

further cases be assigned to the judge whose conduct is the subject of a complaint;

(ii) censuring or reprimanding such judge by means of private communication; and

(iii) censuring or reprimanding such judge by means of public announcement."

28 U.S.C. § 354(a)(2)(A) (emphasis added).

Under the plain language of the statute, therefore, § 354(a)(2)(A) is an

illustrative – not an exhaustive – list of the "possible actions" that a judicial

council might undertake in response to a complaint of judicial misconduct to

fulfill Congress's mandate in § 354(a)(1)(C) that the Council "shall take"

appropriate action to assure effective and efficient court administration.  <u>See</u>

<u>Samantar v. Yousuf</u>,130 S. Ct. 2278, 2287-88 (2010) (use of the word "include"

can signal that the list that follows is meant to be illustrative rather than

exhaustive) (citing 2A N. Singer & J. Singer, Sutherland Statutory Construction §

47.7, p. 305 (7th ed. 2007) ("[T]he word 'includes' is usually a term of

enlargement, and not of limitation"))); <u>United States v. Canada</u>, 110 F.3d 260, 263

(5th Cir. 1997) (the term "includes" indicates a non-exhaustive list).  Indeed, if the

actions described in § 354(a)(2)(A) were exclusive, the general grant of authority

in § 354(a)(1)(C) would be superfluous.  Moreover, plaintiff's suggestion that §

354(a)(2)(A) lists the only permissible means for a judicial council to respond to

19

judicial misconduct conflicts with this Court's acknowledgment that § 332 gives judicial councils some authority to so respond.  See In re McBryde, 117 F.3d at 227-228.

### C.   The Council's Action Was Not Barred By 28 U.S.C. § 752.

Plaintiff mistakenly urges that the Council's action was barred by 28 U.S.C. § 752, which provides that district judges may "appoint necessary law clerks and secretaries."  28 U.S.C. § 752.

As the district court recognized, considerations of prudential standing preclude plaintiff from raising claims that the Order violated Judge Porteous's authority under § 752.  See RE Tab A, D. Ct Op. at 9-10.  If the judge chooses not to pursue such a claim, it is not for the judge's staff to raise such arguments on his behalf, even if they meet the requisite constitutional requirement of injury in fact. See Powers v. Ohio, 499 U.S. 400, 410 (1991) (a plaintiff "must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties"); Ward v. Santa Fe Indep. Sch. Dist., 393 F.3d 599, 606 (5th Cir. 2004).  In limited circumstances, a plaintiff may bring an action on behalf of third parties as long as the plaintiff demonstrates "some hindrance to the third party's ability to protect his or her own interests."  Powers, 499 U.S. at 411.

The inquiry is "whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." <u>Warth v. Seldin</u>, 422 U.S. 490, 500 (1975).

Plaintiff cannot plausibly claim that § 752 can "be understood as granting" members of chambers staff "a right to judicial relief," whatever rights it might afford district judges. <u>Warth</u>, 422 U.S. at 500. Plaintiff mistakenly suggests that she should be able to assert a claim for violation of § 752 even though Judge Porteous could have asserted that issue in a petition to the Judicial Conference, <u>see</u> 28 U.S.C. § 357(a), urging that the statute prohibits judicial review of Judicial Council orders beyond the Judicial Conference. <u>See</u> 28 U.S.C. § 357(c). In barring judicial review of a claim by a judge, Congress did not open the door to claims by his employees. Where Congress has foreclosed judicial review, courts refuse to "expand[] jurisdiction through the back door of third party standing." <u>American Immigration Lawyers Ass'n v. Reno</u>, 199 F.3d 1352, 1364 (D.C. Cir. 2000).[8]

_____

[8] Moreover, the portion of the Order at issue in this challenge was issued under the Council's authority under § 332, not § 354. Plaintiff appears to concede that § 357(c) precludes judicial review of orders issued under § 332 as well as § 354. <u>See</u> Pl. Br. at 17 (stating that Judge Porteous is "prohibited from suing in the Federal Courts to rectify" the portion of the order depriving him of staff). If correct, then § 357(c) would provide an independent barrier to plaintiff's suit, since that section does not limit its prohibition to sanctioned judges. <u>See</u> 28

In any event, the statute does not confer an unfettered right on district court judges to hire at least one secretary.  Rather, it enables district judges to "appoint <u>necessary</u> law clerks and secretaries."  28 U.S.C. § 752 (emphasis added).  The Judicial Conference of the United States has established rules interpreting the statute's reference to "necessary" staff, and currently limits district judges to a maximum of three staff members, in a combination of secretaries and law clerks.  Plaintiff does not take issue with these rules, or suggest that the Judicial Conference violated § 752 by depriving judges of the ability to determine how many employees are necessary.  Indeed, plaintiff concedes that a decision to add or take away a law clerk based on a particular judge's workload would not violate § 752.  <u>See</u> Pl. Br. at 9 (stating that "reduced caseload may be cause to reduce the number of law clerks a federal judge has"); Hearing Transcript, June 25, 2010, Docket #54 at 26.

Plaintiff suggests, however, that the Council's authority with respect to hiring of law clerks does not extend to the hiring of secretaries.  <u>See</u> Pl. Br. at 9

_____

U.S.C. § 357(c) (stating that "all orders and determinations . . . shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise").  If § 357(c) does not bar judicial review of orders issued under § 332, then plaintiff has identified no obstacle to Judge Porteous's ability to assert on his own behalf that suspension of his staff appointment powers is actionable within the <u>Larson</u> exception to sovereign immunity.

(asserting that "the same is not true for a judge's secretary"). Plaintiff identifies

no basis in the statute or in common sense for such a distinction.

### D.   The Judicial Council Did Not Violate the Constitution By Effecting a "Partial Removal from Office."

Plaintiff asserts that the Judicial Council's order suspending Judge

Porteous's ability to employ staff was a "partial removal from office" in violation

of Article III's guarantee of judicial life tenure, the House of Representative's

constitutional impeachment authority, and the Senate's constitutional ability to

remove Article III judges from office after a trial. See Pl. Br. 21-25.[9]

First, as the district court recognized, plaintiff's constitutional arguments

depend on an assertion of Judge Porteous's putative rights as an Article III judge,

---

[9] In a footnote of her opening brief, Plaintiff suggests for the first time in this action that her dismissal violated her procedural due process rights under the Fifth Amendment. See Pl. Br. at 15 n.17. Plaintiff did not raise any such claim in her complaint or at any time before the district court, and has therefore waived it. See Batiansila v. Advanced Cardiovascular Systems, Inc., 952 F.2d 893, 896 (5th Cir. 1992) (refusing to consider issues raised for the first time on appeal); see also Hearing Transcript, June 25, 2010, Docket #54 at 21-22 (conceding that plaintiff has no property interest in her employment with the court). Moreover, plaintiff's suggestion is predicated on the assertion that defendants "accused [her] publicly of dishonesty or immorality. See id. However, defendants have never publicly accused plaintiff of any wrongdoing. Any public release of material expressing doubts about plaintiff's fitness for employment by the federal court system was defendant's own doing by disclosing such materials – possibly in violation of 28 U.S.C. § 360 – in the course of this action.

and plaintiff lacks standing to assert such rights.  See RE Tab A, D. Ct Op. at 11;

supra § C.

In any event, plaintiff's argument that employing a secretary is an

indispensable aspect of holding office as an Article III judge – even during the

term of a suspension – does not bear scrutiny.  A suspension of the ability to

employ staff is not a "partial removal" from office in violation of the constitutional

provisions reserving such removal to the United States Senate after impeachment

by the House of Representatives.  In McBryde v. Committee to Review Circuit

Council Conduct and Disability Orders of Judicial Conference of the United

States, 264 F.3d 52 (D.C. Cir. 2001), the D.C. Circuit rejected a district judge's

argument "that the individual judge must be constitutionally sheltered not merely

from removal and salary diminution but also from lesser sanctions of every sort"

and concluded that statute authorizing temporary suspension of judge's ability to

be assigned new cases was facially constitutional.  Id. at 65.  The D.C. Circuit

explained that relevant case law "speak[s] almost exclusively to judicial

independence from the influence or control of the legislative and executive

branches."  Id. at 64-65.  Although "individual judges" enjoy constitutional

protections, they are not "the relevant unit of judicial independence."  Id. at 64;

see generally Chandler v. Judicial Council of Tenth Circuit of United States, 398

24

U.S. 74, 86 n.7 (1970) ("[N]o constitutional obstacle prevent[s] Congress from

vesting in the Circuit Judicial Councils, as administrative bodies, authority to

make all necessary orders for the effective and expeditious administration of the

business of the courts within (each) circuit.") (internal quotation marks omitted).

Finally, plaintiff fundamentally mistakes the holding of the Supreme

Court's decision in Chandler. Plaintiff contends that the Supreme Court there set

out a list of specific actions that judicial councils could constitutionally take, that

the 1980 Act was intended to codify this list, and that the judicial councils'

statutory authority and the constitutional limitations on that authority are therefore

"coterminous." See Pl. Br. 10, 21 n.30, 23, 30 n.52. In Chandler, however, the

Court simply noted that "[s]tanding alone, § 332 is not a model of clarity in terms

of the scope of the judicial councils' powers or the procedures to give effect to the

final sentence of § 332." Chandler, 398 U.S. at 85 n.6. The Court called for

"[l]egislative clarification of enforcement provisions of this statute and definition

of review of Council orders." Id. Indeed, in the course of concluding that the

plaintiff – a district judge – had not made a case for the extraordinary relief he

sought from a judicial council order refusing to assign him new cases, the Court

explicitly declined to answer any of the questions raised about the limits of a

judicial council's authority, under either the Constitution or § 332, although it

suggested that Congress could constitutionally grant judicial councils authority to act regarding "an almost infinite variety of [matters] . . . of an administrative nature" in order to "have a complex judicial system function efficiently." Id. at 84-86.

Plaintiff's invocation of the Court's statement that judges must have "total and absolute independence . . . in deciding cases or in any phase of the decisional function" is inapposite. Id. at 84; Pl. Br. at 26. The Judicial Council's order regarding Judge Porteous's staff involves no attempt to review the substance of any of Judge Porteous's actions in any case. See In re McBryde, 117 F.3d at 229 (upholding judicial circuit's ability to reassign pending cases for administrative reasons and finding it "[s]ignificant[]" that a reassignment "did not constitute any attempt to review" judicial actions).

## CONCLUSION

For the foregoing reasons, judgment for the government should be affirmed.

Respectfully Submitted,

TONY WEST
  Assistant Attorney General

JIM LETTEN
  United States Attorney

MARK B. STERN
MELISSA N. PATTERSON
  (202) 514-1201
  Attorneys, Appellate Staff
  Civil Division, Room 7230
  Department of Justice
  950 Pennsylvania Avenue, N.W.
  Washington, D.C. 20530-0001

NOVEMBER 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2010, I caused the

foregoing to be filed with the Court by filing it through the Court's CM/ECF

system.  Service will be made on the following individuals through the Court's

CM/ECF System:

Remy Voisin Starns, Trial Attorney
2001 Jefferson Highway
Jefferson, LA 70121
rvs127@yahoo.com

Service will be made on the following individual through U.S. mail:

Samuel S. Dalton
Law Offices of Samuel S Dalton
2001 Jefferson Highway
Jefferson, LA 70121-0000
ssdalton@bellsouth.net

*s/Melissa N. Patterson*
MELISSA N. PATTERSON
Counsel for the Appellees

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1.  Pursuant to Fed. R. App. P. 32(a)(7)(C), this brief uses proportionately spaced font and contains 5,769 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  Pursuant to Fifth Circuit Rule 25.2.13, I have complied with this Court's privacy redaction requirements;

3.  Pursuant to Fifth Circuit Rule 25.2.1, the electronic version of this brief has been scanned for viruses using the Microsoft Forefront v.1.95.808.0 virus detection program, which detected no viruses.


*s/Melissa N. Patterson*
MELISSA N. PATTERSON
Counsel for the Appellees